# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN CARROLL,<br><br>    Plaintiff,<br><br>  v.<br><br>AMBRX BIOPHARMA, INC., STEPHEN GLOVER, DANIEL O'CONNOR, KATE HERMANS, JANET LOESBERG, PAUL MAIER, and MARGARET R. DALESANDRO,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff John Carroll ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE AND SUMMARY OF THE ACTION

1. This is a stockholder action brought by Plaintiff against Ambrx Biopharma, Inc. ("Ambrx" or the "Company") and the members of Ambrx's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell Ambrx to Johnson & Johnson ("Johnson & Johnson") (the "Proposed Transaction").

2. On January 5, 2024, Ambrx entered into an Agreement and Plan of Merger with Johnson & Johnson and Johnson & Johnson's wholly owned subsidiary, Charm Merger Sub, Inc.

("Merger Sub") (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, Ambrx shareholders will receive $28.00 in cash for each Ambrx common share (the "Proposed Transaction").

3. On January 29, 2024, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Ambrx stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor Centerview Partners LLC ("Centerview"); and (iii) potential conflicts of interest faced by Company insiders.

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Ambrx stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5. The special meeting for Ambrx stockholders to vote on the Proposed Transaction is currently scheduled for March 6, 2024. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Ambrx's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

4.      This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

5.      Venue is proper under 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

6.      Plaintiff is, and has been at all relevant times, the owner of shares of Ambrx common stock.

7.      Defendant Ambrx is a Delaware corporation, with its principal executive offices located at 10975 North Torrey Pines Road, La Jolla, California, 92037.  Ambrx's shares trade on the Nasdaq Global Select Market under the ticker symbol "AMAM."

8.      Defendant Stephen Glover has been Chair of the Board and a director of the Company at all relevant times.

9.      Defendant Daniel O'Connor has been Chief Executive Officer, President and a director of the Company at all relevant times.

10.     Defendant Kate Hermans has been a director of the Company at all relevant times.

11.     Defendant Janet Loesberg has been a director of the Company at all relevant times.

12.     Defendant Paul Maier has been a director of the Company at all relevant times.

13.     Defendant Margaret R. Dalesandro has been a director of the Company at all relevant times.

14.     Defendants identified in paragraphs 11-16 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

15. Ambrx is a clinical stage biopharmaceutical company focused on discovering and developing antibody drug conjugates ("ADCs") and other engineered therapies to modulate the immune system. Ambrx's portfolio includes clinical and preclinical programs designed to optimize efficacy and safety in multiple cancer indications, including (i) ARX517, its proprietary ADC targeting the prostate-specific membrane antigen; and (ii) ARX788, its proprietary ADC targeting HER2. The Company also has preclinical and clinical collaborations with multiple partners on drug candidates using Ambrx technology.

**The Proposed Transaction**

16. On January 8, 2024, Ambrx announced that it had entered into the Proposed Transaction, stating, in relevant part:

> SAN DIEGO, Jan. 08, 2024 (GLOBE NEWSWIRE) -- Ambrx Biopharma, Inc., or Ambrx (NASDAQ: AMAM), today announced that it has entered into a definitive agreement pursuant to which Johnson & Johnson will acquire all of the outstanding shares of Ambrx for $28.00 per share in cash, representing an approximately 105% premium to Ambrx's closing stock price on January 5, 2024, for a total equity value of approximately $2.0 billion.
>
> "We are excited to reach this agreement with Johnson & Johnson for advancing scientific research to treat cancers with high unmet needs," said Daniel J. O'Connor, Chief Executive Officer of Ambrx. "With our deep and unique knowledge of precision engineering of protein therapeutics enabled by our proprietary technology incorporating synthetic amino acids in living cells, Ambrx has developed next-generation novel drug candidates such as site-specifically conjugated highly stable antibody drug conjugates. Through this transaction, we will continue to advance our leading prostate cancer candidate and Ambrx's promising pipeline, while delivering significant and certain cash value to our shareholders. This announcement is the culmination of two decades of scientific work, combined with the Ambrx team's talent, hard work and innovation. I look forward to what Ambrx will achieve as part of Johnson & Johnson."
>
> Ambrx's proprietary Antibody Drug Conjugate (ADC) technology incorporates the advantages of highly specific targeting monoclonal antibodies securely linked

to a potent chemotherapeutic payload to achieve targeted and efficient elimination of cancer cells without the prevalent side-effects typically associated with chemotherapy. Building on a legacy of innovation in oncology and in prostate cancer, Johnson & Johnson scientists intend to work with Ambrx researchers, accelerating the Phase 1/2 APEX-01 study (NCT04662580) of ARX517 in advanced prostate cancer, while progressing a pipeline of novel product candidates.

The transaction, which was unanimously approved by the Ambrx Board of Directors, is expected to close in the first half of 2024, subject to customary closing conditions, including approval by Ambrx shareholders and clearance under the Hart-Scott-Rodino Antitrust Improvements Act.

**Advisors**

Centerview Partners LLC is acting as lead financial advisor and Cantor Fitzgerald & Co. is acting as financial advisor to Ambrx; Skadden, Arps, Slate, Meagher & Flom LLP is serving as legal counsel.

**The Materially Incomplete and Misleading Proxy Statement**

17. On January 29, 2024, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that Ambrx stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor Centerview; and (iii) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning Ambrx's Financial Projections*

18. The Proxy Statement fails to disclose material information concerning Ambrx management's financial projections for the Company.

19. For example, for the Company's risk-adjusted financial projections, the Proxy Statement fails to disclose all line items underlying the Company's: (i) Gross Profit; and (ii) EBIT.

20. In addition, the Proxy Statement fails to disclose a summary of the Company's non-risk-adjusted projections or a quantification of the risk-adjustments. The Proxy Statement similarly fails to disclose a quantification of the assumptions underlying the Company's projections, including with respect to "the probability of success associated with regulatory approvals, launch timing, epidemiology, pricing, sales ramp, market share, competition, market exclusivity, patent exclusivity, research and development expenses, sales and marketing expenses, general and administrative expenses, effective tax rate and utilization of net operating losses, [and] any future equity raises conducted by Ambrx[.]" Proxy Statement at 55.

*Material Misrepresentations and/or Omissions Concerning Centerview's Financial Analyses*

21. The Proxy Statement fails to disclose material information concerning Centerview's financial analyses.

22. With respect to Centerview's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the Company's terminal values; (ii) the inputs and assumptions underlying the discount rates ranging from 14.0% to 16.0%; (iii) the tax savings from usage of Ambrx's estimated federal net operating losses and Ambrx's future losses; (iv) Ambrx's estimated net cash balance as of December 31, 2023; (v) the impact of assumed equity raises in 2024, 2025, 2026 and 2027; and (vi) the Company's fully-diluted outstanding shares.

23. With respect to Centerview's *Analyst Price Targets Analysis*, the Proxy Statement fails to disclose: (i) the individual price targets observed; and (ii) the sources thereof.

24. With respect to Centerview's *Precedent Premiums Paid Analysis*, the Proxy Statement fails to disclose the individual premiums observed.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

25. The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by Company insiders.

26. For example, the Proxy Statement fails to disclose whether any members of Ambrx management have secured positions, or are anticipated to secure positions, with the combined company. Similarly, the Proxy Statement fails to disclose whether any of Johnson & Johnson's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation. The Proxy Statement further fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between Ambrx executives and Johnson & Johnson.

27. In sum, the omission of the above-referenced information renders statements in the "Certain Financial Projections," "Opinion of Ambrx's Financial Advisor - Centerview Partners LLC," "Background of the Merger" and "Interests of Ambrx's Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Ambrx will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Ambrx**

28. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

29. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Ambrx is liable as the issuer of these statements.

30. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

31. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

32. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

33. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

34. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

35. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

36. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

37. The Individual Defendants acted as controlling persons of Ambrx within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Ambrx and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

38. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

39. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

40. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

41. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Ambrx, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: February 12, 2024

By **LONG LAW, LLC**

/s/ *Brian D. Long*

Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

**OF COUNSEL:**

**ACOCELLI LAW, PLLC**
Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*